FILED
2015 Aug-19 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH FRANCIS WILSON,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. 2:14-cv-2088-CLS** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Joseph Francis Wilson, commenced this action on October 28, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: erred in rejecting the consultative examiner's opinion; failed to obtain the opinion of a medical expert; failed to seek clarification of the consultative examiner's opinion; and improperly considered claimant's obesity. Upon review of the record, the court find merit in claimant's last argument.

The ALJ stated in the administrative opinion that claimant is five feet, eleven inches tall and weighs 511 pounds.[1]  There is no dispute that claimant is morbidly obese. Thus, the ALJ was required to evaluate the effect of claimant's obesity on his residual functional capacity in accordance with Social Security Ruling 02-1p, which states the following:

> Obesity can cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balancing, stooping, and crouching. The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected.

---

[1] Tr. 19.

>	The effects of obesity may not be obvious.  For example, some people with obesity also have sleep apnea.  This can lead to drowsiness and lack of mental clarity during the day.  Obesity may also affect an individual's social functioning.
>
>	An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.  Individuals with obesity may have problems with the ability to sustain a function over time.  As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.  This may be particularly true in cases involving sleep apnea.
>
>	The combined effects of obesity with other impairments may be greater than might be expected without obesity.  For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.
>
>	. . . .
>
>	As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

SSR 02-1P, 2000 WL 628049, at *6-7.

	The ALJ listed obesity as one of claimant's severe impairments.[2]   He also

---

[2] Tr. 18.

3

stated:

> I have given consideration to Social Security Ruling 02-1p, which instructs adjudicators to consider the effects of obesity not only under the listings, but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity. When obesity is identified as a medically determinable impairment, consideration will be given to any functional limitation resulting from the obesity in the residual functional capacity assessment in addition to any limitation resulting from any other physical or mental impairment identified.[3]

Those are the only mentions of claimant's obesity in the administrative opinion. The ALJ stated summarily that he had "considered all symptoms,"[4] and he noted that he had limited the "postural activities and environmental situations" in claimant's residual functional capacity finding because they "could aggravate his underlying lumbar degenerative disc disease with stenosis."[5]  However, he did not provide any meaningful discussion of claimant's obesity or its effect on claimant's ability to perform work-related activities. As such, the court lacks sufficient information to determine whether the ALJ's residual functional capacity finding was in accordance with applicable law and supported by substantial evidence. Remand is warranted for a full evaluation of the effect of claimant's morbid obesity on his functional abilities.

Based on the foregoing, the decision of the Commissioner is REVERSED, and

---

[3] *Id.*
[4] *Id.*
[5] Tr. 20.

4

this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 19th day of August, 2015.

_____
United States District Judge